AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 12-8389-JMH |
| HERNAN PIEDRAHITA GRISALES | ) | |
| a/k/a HERNAN PIEDRAHITA | ) | |
| | ) | |
| *Defendant(s)* | | |

FILED by _____ D.C.

SEP 2 8 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 27, 2012__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | an alien, having previously been removed and deported from the United States on July 1, 2005, did knowingly and unlawfully attempt to enter the United States, without the Attorney General of the United States or his successor, the Secretary of Homeland Security (Title 6, United States Code, Sections 202(3), 202(4), and 557) having expressly consented to such alien reapplying for admission to the United States. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Brian Stafford, Homeland Security
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __09/29/2012__

_____
*Judge's signature*

City and state: __WEST PALM BEACH, FLORIDA__

JAMES M. HOPKINS, U.S. MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT

I, Brian J. Stafford, being duly sworn, hereby depose and state the following:

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"). I have been a Special Agent with HSI since March of 2007 and, as such, have participated in the investigation of criminal matters, including the apprehension of aliens unlawfully present in the United States. Prior to becoming a Special Agent with HSI, I attended and successfully completed the Criminal Investigator Training Program as well as the Special Agent training at the Federal Law Enforcement Training Center in Glynco, Georgia.

2. This affidavit is being submitted in support of the following:

- A criminal complaint charging that Yoel BORREL-LAMADRID did knowingly attempt to bring to the United States aliens for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that said alien had not received prior official authorization to come to, enter, and reside in the United States, and regardless of any future official action which may be taken with respect to said aliens, in violation Title 8, United States Code, Section 1324(a)(2)(B)(ii).

- A criminal complaint charging that Hernan PIEDRAHITA GRISALES, aka Hernan Piedrahita did knowingly and unlawfully attempt to enter the United States having previously been removed and deported from the United States on July 1, 2005, without the Attorney General of the United

1

States or his successor, the Secretary of Homeland Security (6 U.S.C. 202(3), 202(4) and 557) having expressly consented to such alien reapplying for admission to the United States; and

- A material witness complaint alleging that Jorge REYES-CASTILLO and Dioni Rafael PATXOT-FELIX are material witnesses to the commission by BORREL-LAMADRID of the crime of knowingly attempting to bring aliens to the United States for the purpose of commercial advantage and private financial gain, knowingly and in reckless disregard of the fact that such aliens had not received prior official authorization to come to, enter, and reside in the United States, regardless of any official action which might be taken with respect to such aliens, in violation of 8 U.S.C. 1324(a)(2)(B)(ii).

3. The information contained in this affidavit is based upon my personal knowledge and information provided to me by other law enforcement officers. Because this affidavit is being submitted for the limited purpose of establishing probable cause to charge, it does not contain all of the details about this investigation of which I am aware.

4. On September 27, 2012, at approximately 3:00 am, United States Customs and Border Protection, Marine Interdiction Agents encountered a marine vessel, registered in Florida (24 foot Chris Craft FL3174HA), approximately .5 mile East of the Jupiter Inlet (N26 56.7/W080 03.2) traveling West from international waters towards Palm Beach County, Florida. The marine vessel was not under its own power, but was being towed by another U. S.

registered vessel, a commercial tow vessel, from international waters. As Marine Interdiction Agents approached the vessel, they noticed that a blue tarp was suspended from the radar arc at the rear of the vessel, which concealed the number of individuals on board. Upon boarding of the suspect vessel, agents encountered nine individuals claiming Cuban, Dominican and Colombian nationality who attempted to enter the United States without proper authorization. The driver of the tow vessel stated that he responded to a vessel in distress that had run out of fuel, and provided assistance by towing the disabled vessel from international waters toward Palm Beach County.

5. The vessel's captain identified himself as a Cuban national. One female Cuban national was 8 months pregnant and was complaining of stomach pains; she was evaluated by Emergency Medical Services and then transported to the hospital for further observation. The owner of record of the suspect vessel was not on board.

6. On September 28, 2012, the four Cuban nationals (excluding the operator of the vessel and the pregnant female) were transported to Miami to be processed for repatriation to Cuba. The remaining aliens were transported to the Border Patrol Station in Riviera Beach, Florida for further inspection and interview.

## THE ALIEN SMUGGLING VENTURE

7. On September 28, 2012, your Affiant along with other Special Agents responded to the Border Patrol Station to conduct interviews. In a post-Miranda interview, BORREL-LAMADRID admitted to operating the vessel and to

knowingly transporting aliens attempting to enter the United States without proper authorization. BORREL-LAMADRID declared he paid nothing to bring the boat to Florida and was instructed in the Bahamas on how to use the vessel for the purpose of bringing himself and the other aliens into the United States.

8. BORREL-LAMADRID admitted that he did not have lawful permission to enter the United States from the Bahamas, but that he intended to enter illegally using the vessel to transport himself and the other aliens. He explained that he left Nassau, Bahamas approximately two days prior to being met by the commercial tow vessel. When he left Nassau, he said he took a path that put him North of Bimini, intending to land at Key Biscayne, using a hand-held GPS device (which was recovered on board the vessel after its apprehension). At some point during the voyage, the boat ran out of fuel, and BORREL-LAMADRID estimated he was approximately 40 miles East of the Florida coast when that happened.

9. According to BORREL-LAMADRID, the vessel drifted for about two days until BORREL-LAMADRID was able to get cell phone coverage and decided to call for assistance. BORREL-LAMADRID then contacted a commercial towing company through a friend and relayed their GPS coordinates.

10. The towing company arrived and began towing the vessel toward Florida, and the two vessels were approximately half a mile offshore when by United States Customs and Border Protection, Marine Interdiction Agents encountered them at approximately 3:00 am on September 27, 2012.

## UNLAWFUL RE-ENTRY BY A PREVIOUSLY DEPORTED ALIEN

11. During a post-Miranda interview also conducted on September 28, 2012, one of the alien passengers admitted to being a Colombian national and identified himself as Hernan PIEDRAHITA GRISALES. PIEDRAHITA GRISALES admitted to boarding the vessel in the Bahamas and to knowingly attempting to re-enter the United States without lawful permission. PIEDRAHITA GRISALES claimed he had agreed to pay a total of $5,000 to be smuggled into the United States. PIEDRAHITA GRISALES also stated he was previously convicted of a crime involving narcotics and removed from the United States in 2005. Your Affiant confirmed through Biometrics (electronic fingerprint comparison) that PIEDRAHITA GRISALES was in fact removed from the U. S. on July 1, 2005 following his conviction for heroin importation, for which he was sentenced to two years in prison.

## THE MATERIAL WITNESSES

12. Two of the other alien passengers on the vessel, Jorge Reyes CASTILLO and Dioni Rafael PATXOT-FELIX, were identified and interviewed by agents on September 28, 2012. Your Affiant confirmed that both are Dominican Republic nationals who did not have permission to lawfully enter the United States.

13. CASTILLO and PATXOT-FELIX both admitted to being nationals of the Dominican Republic and that they had no permission to enter the United States, but were attempting to enter the country unlawfully on the vessel. CASTILLO stated he planned to pay someone between $6,000 and $8,000 upon reaching Florida.

## CONCLUSION

14. Based upon the forgoing, your affiant states that there is probable cause to believe that on or about September 27, 2012:

- Yoel BORREL-LAMADRID did knowingly attempt to bring to the United States aliens for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that said alien had not received prior official authorization to come to, enter, and reside in the United States, and regardless of any future official action which may be taken with respect to said aliens, in violation Title 8, United States Code, Section 1324(a)(2)(B)(ii);

- Hernan PIEDRAHITA GRISALES, aka Hernan Piedrahita, did knowingly and unlawfully attempt to enter the United States having previously been removed and deported from the United States on July 1, 2005, without the Attorney General of the United States or his successor, the Secretary of Homeland Security (6 U.S.C. 202(3), 202(4) and 557) having expressly consented to such alien reapplying for admission to the United States; and

- Jorge Reyes CASTILLO and Dioni Rafael PATXOT-FELIX are material witnesses, pursuant to 18 U.S.C. 3144, to the commission by BORREL-LAMADRID of the crime of knowingly attempting to bring aliens to the United States for the purpose of commercial advantage and private financial gain, knowingly and in reckless disregard of the fact that such aliens had not received prior official authorization to come to, enter, and

reside in the United States, regardless of any official action which might be taken with respect to such aliens, in violation of 8 U.S.C. 1324(a)(2)(B)(ii).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Special Agent Brian J. Stafford
U.S. Immigration and Customs Enforcement

Subscribed and sworn to before me this 28 day of September, 2012.

_____
JAMES M. HOPKINS
United States Magistrate Judge

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 12-8389-JMH

UNITED STATES OF AMERICA

vs.

HERNAN PIEDRAHITA GRISALES
a/k/a HERNAN PIEDRAHITA,

Defendant.
_____/

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
LAUREN E. JORGENSEN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 726885
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel: (561) 820-8711
Fax: (561) 820-8777
Email: lauren.jorgensen@usdoj.gov